DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Joel Woolard, appeals from the trial court's judgment entry granting summary judgment in favor of Appellees, City of Wadsworth, Wadsworth Civil Service Commission and Wadsworth Chief of Police (collectively the "City") in the Medina County Court of Common Pleas. We affirm.
 {¶ 2} On August 12, 2004, the Ohio Patrolmen's Benevolent Association (the "Union") and Mr. Woolard filed an Amended Petition for Writ of Mandamus with the trial court ("Petition") On September 2, 2004, the City answered the Petition and on July 26, 2005, the City moved to dismiss the Petition, which the trial court denied. Thereafter both parties moved for summary judgment, which motions were overruled by the trial court on February. 14, 2006 for failure to provide copies of the Civil Service Commission Rules for the City of Wadsworth (the "Rules"), upon which both parties relied in their motions for summary judgment. Subsequent thereto, on March 31, 2006, the parties jointly stipulated that: (1) the Civil Service Rules attached thereto were complete, accurate, effective, and relevant; (2) the Court could rule on all pending claims without an evidentiary hearing; and (3) the Court could issue its decision on previously filed motions and memoranda ("Stipulations"). On April 12, 2006, the trial court issued the judgment entry that is the subject of this appeal and found in favor of the City on the Petition (the "Judgment Entry"). It is from the Judgment Entry that Mr. Woolard has timely appealed, raising two assignments of error.
 First Assignment of Error "The trial court erred in denying a writ of mandamus based upon an erroneous interpretation of the applicable civil service rules."
 Second Assignment of Error
 "The trial court erred in granting summary judgment for [the City] on grounds that [the City] did not raise."
 {¶ 3} Mr. Woolard asserts that the trial court erred when it failed to grant his petition for mandamus ordering the City to certify the eligibility list of September 12, 2003, and to promote him, as the only person remaining on the list, to fill a vacancy in the Wadsworth Police Department's required five sergeant staff Mr. Woolard also asserts that the trial court erroneously granted summary judgment in favor of the City relying on an erroneous interpretation of the Rules to find that a valid eligibility list arguably should contain three names. The City contends that it is the collective bargaining agreement between the Union and the City ("CBA") that governs promotional issues rather than the Rules and that the CBA requires that a valid eligibility list contain three names, rather than just one.
 {¶ 4} Initially, we note that it does not appear that the trial court granted summary judgment in favor of the City. The cross motions for summary judgment were denied by the Court on February 14, 2006, because the Rules were not attached. The joint stipulation of the parties provided the Rules to the Court and allowed the trial court to rule onall pending claims without a hearing, relying on previously filedmotions and briefs. The record fails to indicate that the summary judgment motions were ever revived by the parties by motion or otherwise. Despite this, the trial court's Judgment Entry states that it is "considering the matter as though being resubmitted on the motions for summary judgment" and then sets forth the standard for summary judgment. However, the Judgment Entry also sets forth the standards for mandamus and ultimately states that "Respondents are entitled to judgment on the Relators' petition for a writ of mandamus" without ever addressing the cross motions for summary judgment. Because it appears that the summary judgment motions were no longer viable, the stipulations of the parties allowed the court to rule on all pendingclaims without a hearing based on all previous filings, thereby foregoing their day in court. Moreover, the final paragraph of the Court's Order finds in favor of the respondent and denies relator's petition for mandamus without rendering a decision on the previously denied summary judgment motions. It is therefore presumed that the trial court considered the Petition on the merits rather than on summary judgment and our review shall be limited to the propriety of the trial court's denial of the Petition. Thus, Mr. Woolard's second assignment of error is overruled.
 {¶ 5} Pursuant to R.C. 2731.01, a mandamus is defined as:
 a writ, issued in the name of the state to an inferior tribunal, a corporation, board, or person, commanding the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station.
 {¶ 6} Mandamus shall be granted only where it can be shown (1) that the plaintiff has a clear legal right to the relief sought and (2) the defendant has breached a clear legal duty. See State ex rel.Van Harlingen v. Bd. of Edn. of Mad River Twp. Rural School Dist. (1922),104 Ohio St. 360, 362, 136 N.E.2d 196.
 {¶ 7} When reviewing a denial of a request for a writ of mandamus, this court must decide whether the trial court exercised sound, legal and judicial discretion in deciding to deny the writ of mandamus.Calderon v. Sharkey (1982), 70 Ohio St. 2d 218, 219-20, 436 N.E.2d 1008. A reviewing court will not substitute its judgment for that of the trial court, nor reverse the trial court's determination, save for an abuse of discretion. Id. In order to establish an abuse of discretion, Appellants must demonstrate that the trial court acted arbitrarily, unconscionably or unreasonably. Id.
 {¶ 8} In its prayer for relief, Mr. Woolard asks the Court to issue a writ of mandamus ordering: (1) the City to certify to the police chief the name of the person receiving the highest ranking on the sergeant promotional examination eligibility list of September 12, 2003 (the "Eligibility List"); and (2) the police chief to promote the person certified on that list.
 {¶ 9} In the Judgment Entry, the trial court found that Mr. Woolard was not entitled to mandamus because he failed to establish a clear legal right to have the Eligibility List certified and to be promoted therefrom because, pursuant to the trial court's interpretation of the Rules, the "Eligibility List" should "arguably" contain three names to be valid.
 {¶ 10} In the Petition, Mr. Woolard asserts at paragraphs 22 and 17, respectively, that "at the time of the retirement of Sergeant Houston on September 12, 2003, there was an eligible list for the position of Sergeant" and that "the only remaining name on the eligibility list was Joel Woolard." The City admits both of these assertions in its Answer at paragraph two. Thus, it is undisputed that there was an eligible list containing Mr. Woolard's name at the time of the vacancy.
 {¶ 11} What is at issue is whether or not that list is certifiable pursuant to the Rules. The trial court interpreted Rule III, paragraph 20 and Rule VII, section 8 as requiring that an eligibility list contain three names prior to being certified. The trial court notes that such interpretation is only arguable because the court has not been asked to declare that an eligibility list must contain three names. Instead, the trial court determined that because a three person requirement ispossible, Mr. Woolard has not met his burden of establishing a "clear legal right" to have the Eligibility List certified, thus requiring his promotion therefrom. We find that the trial court did not acted arbitrarily, unconscionably or unreasonably in so finding.
 {¶ 12} In addition to its reasonable interpretation of the Rule provisions set forth in the Judgment Entry, Rule IX, paragraph 1 further supports the trial court's opinion. It states in relevant part:
 "Whenever it becomes necessary, while an eligible list exists, to hold a subsequent examination in order to obtain additional eligibles, the Commission may consolidate the existing list with the new list by rearranging the names of those eligible therein according to their grade. All persons whose names appear on the existing list shall have the opportunity to compete in the second exam."
 {¶ 13} This provision suggests, when read in conjunction with the other Rule, as cited by the trial court, that the City may need to supplement an existing eligible list so as to contain three names.
 {¶ 14} Because Mr. Woolard has not established a clear legal right to have a single name eligibility list certified to the police chief, he is not entitled to a writ of mandamus ordering the City to certify the Eligibility List. Accordingly, he cannot establish that he is entitled to be promoted to the vacancy left in the rank of sergeant after Sergeant Houston retired and the trial court did not abuse its discretion in denying the Petition. Mr. Woolard's first assignment of error is overruled and the judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to Appellants/Relators.
LYNN C. SLABY
FOR THE COURT
BOYLE, J.
CONCURS
MOORE, J.